# EXHIBIT 4

Trials@uspto.gov                                                          Paper 25
571-272-7822                                              Entered: February 22, 2024

UNITED STATES PATENT AND TRADEMARK OFFICE

—————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

—————————

META PLATFORMS, INC.; INSTAGRAM, INC.; WHATSAPP LLC;
META PLATFORMS TECHNOLOGIES, LLC; AND GIPHY, INC.,
Petitioner,

v.

VL COLLECTIVE IP LLC,
Patent Owner.

—————————

IPR2023-00924
Patent 7,436,980 B2

—————————

Before KARL D. EASTHOM, JEFFREY S. SMITH, and
DAVID C. McKONE, *Administrative Patent Judges*.

SMITH, *Administrative Patent Judge*.

ORDER
*Granting Petitioner's Motion under 37 C.F.R. § 42.52(a) to Apply for
Subpoena under 35 U.S.C. § 24*

IPR2023-00924
Patent 7,436,980 B2

Petitioner filed a Petition (Paper 3) requesting *inter partes* review of claims 1–16 of U.S. Patent No. 7,436,980 B2 (Ex. 1001, "the '980 patent"). In our Decision to Institute (Paper 11, "Dec."), we granted institution and stated that Petitioner has not demonstrated a reasonable likelihood of showing that a paper titled "Tracking Loose-limbed People" (Ex. 1009, "TLP") was prior art to the '980 Patent. Dec. 56.

Petitioner, pursuant to our authorization, filed a Motion for Authorization to Compel Discovery and Production of Documents pursuant to 37 C.F.R. § 42.52(a), including issuing subpoenas pursuant to 35 U.S.C. § 24 and filing any testimony or documents produced therefrom, in order to address the public availability of TLP before May 27, 2004, which is the effective filing date of the '980 patent. Paper 17 ("Mot."). TLP was presented at an IEEE Computer Society Conference on Computer Vision and Pattern Recognition ("the CVPR conference"), which was held from June 27 to July 2, 2004. Ex. 1010. TLP was submitted to the CVPR conference on November 19, 2003, and the TLP manuscript was submitted to the CVPR conference on April 9, 2004. Ex. 1010.

In particular, Petitioner requests authorization to compel discovery and production of documents from the authors of TLP, who are Leonid Sigal, Sidharth Bhatia, Stefan Roth, Michael Black, and Michael Isard ("the authors"); the inventors of the '980 patent, who are Leonid Sigal, Ying Zhu, and Dorin Comaniciu ("the inventors"); and the prior assignees of the '980 patent, including Siemens Corp., Siemens Corp. Research Inc., and Siemens Medical Solutions USA, Inc ("the prior assignees") (all together "the TLP Discovery Parties") to show whether TLP was publicly accessible before May 27, 2004. Mot. 3. Patent Owner filed an Opposition. Paper 20

IPR2023-00924
Patent 7,436,980 B2

("Opp."). Both parties support their respective arguments by analyzing the factors listed in *Garmin International, Inc. v. Cuozzo Speed Technologies LLC*, IPR2012-00001, 6–7 (PTAB Mar. 5, 2013) (Paper 26) ("the *Garmin* factors"). *See generally*, Mot.; Opp.

We held a conference call on February 20, 2024, with the parties to discuss Petitioner's motion. Judges Easthom, Smith, and McKone, as well as Todd Baker, Jonathan Brit, Ellisen Turner, and Jennifer Bush for Petitioner, and Christine Lehman, Jaime Cardenas-Navia, and Philip Eklem for Patent Owner, participated on the call. We held the call in order to determine whether the parties could obtain information regarding the publication date of TLP without going through the subpoena process, given the short time frame of this *inter partes* review and the fact that two of the witnesses live abroad.

During the call, Petitioner stated that it seeks information, such as emails and invention disclosure documents which would identify details of the public distribution of TLP. Petitioner stated that a subpoena would not be necessary with respect to the inventors and prior assignees if Patent Owner requests information from the inventors and prior assignees related to the publication date of TLP within a time period beginning one month before the conference and ending one month after the conference. Petitioner also requested permission to obtain a subpoena to gather this information in the event that Patent Owner's request is unsuccessful.

During the call, Patent Owner stated that it wanted Petitioner's request to be limited to emails related to the peer review process discussed in the Declaration of Dr. Bajaj (Ex. 1004). Patent Owner stated that Petitioner's request is overbroad and seeks new facts to support a new theory not

3

IPR2023-00924
Patent 7,436,980 B2

advanced in the Declaration.  Petitioner stated that the request should not be limited to the peer review process, but should cover the conference generally, and that its request is not overbroad because the request concerns information about a single paper at a single event within a two-month window of the event.  Patent Owner stated that it would request the information from the inventors and prior assignees within a couple of weeks, but that it could not guarantee that the inventors and prior assignees would cooperate with the request.

During the call, we raised the issue of whether, in the event that the inventors and prior assignees refuse to cooperate with Patent Owner's request, we should draw an inference that the information that would have been obtained would have been favorable to Petitioner.  We note that the prior assignees have agreed with Patent Owner that, "whenever reasonably requested by Assignee, Assignor will execute all papers, take all rightful oaths, and do all acts which may be reasonably necessary for securing and maintaining the Patents in any country and for vesting title thereto in Assignee, its successors, assigns and legal representatives or nominees." Ex. 1047 ¶ 4.  Similarly, the inventors have agreed to "generally do everything possible which said Assignee, its successors, assigns or legal representatives shall consider desirable for aiding in securing and maintaining proper patent protection for said improvements and for vesting title to said improvements and all applications for patents and all patents on said improvements, in said Assignee, its successors, assigns and legal representative." Ex. 1044, 3.  Thus, it appears that Patent Owner has the power to compel the prior assignees and the inventors to cooperate in discovery in this proceeding.

IPR2023-00924
Patent 7,436,980 B2

We also emphasized the necessity of issuing a final decision within a year of the institution date.  Petitioner stated that it expected to complete its discovery before filing the Petitioner's Reply.

We find Petitioner's request of Patent Owner to be reasonable, and we appreciate the willingness of the parties expressed during the call to seek to obtain information about the publication date of TLP without going through the subpoena process.  We also understand that the subpoena process may still be necessary to obtain information about the publication date of TLP.

In any event, we evaluate the Motion to Compel in light of the *Garmin* factors.  A party moving for subpoena "must show that such additional discovery is in the interests of justice." 37 C.F.R. § 42.51(b)(2).  The Board has identified factors important in determining whether an additional discovery request meets the standard of being "in the interest of justice."  *Garmin International, Inc.*, IPR2012-00001 at 6–7.  Having reviewed arguments of the parties, we find that the *Garmin* factors weigh in favor of allowing the discovery for the reasons given below.

*Garmin Factor 1 – Useful Information*

Petitioner contends that TLP was part of the CVPR conference held from June 27 to July 2, 2004.  Mot. 4.  Petitioner contends that the TLP Discovery Parties may have information about the public availability of TLP.  *Id*.  In particular, Petitioner contends that the TLP Discovery Parties may have emails confirming the date of public dissemination of TLP to the conference goers in advance of the conference.  *Id*. at 4, 6.  Petitioner also contends that Michael Black, one of the authors, uploaded TLP to a website and indicated that TLP was publicly available in January 2004.  *Id*. at 5.

5

IPR2023-00924
Patent 7,436,980 B2

Patent Owner contends that Petitioner has not shown that the TLP Discovery Parties will have information about the TLP publication date. Opp. 4-5. In particular, Patent Owner contends that Petitioner has not shown that the authors have emails showing the date of public accessibility of TLP before May 27, 2004. *Id*. at 7. Patent Owner also contends that Petitioner has not shown that Michael Black indicated that TLP was publicly available in January 2004, nor that the January 2004 date relates to public accessibility through the conference. *Id*. at 6.

Considering the first Garmin factor, Petitioner has shown, beyond speculation, that TLP was first registered with the CVPR conference on November 14, 2003, and that documents such as emails and brochures in the possession of the TLP Discovery Parties dated between November 14, 2003, and May 27, 2004, likely would provide useful information regarding the public accessibility of TLP. In particular, this information would be useful in determining whether TLP was disseminated to the CVPR conference goers before May 27, 2004. Similarly, Petitioner has shown, beyond speculation, that author Michael Black can provide useful information about whether he made comments on a website regarding the date of public accessibility of TLP.

### *Garmin Factor 2 – Litigation Positions*

Both parties agree that the request does not seek litigation positions of Patent Owner. Mot. 6; Opp. 7.

### *Garmin Factor 3 – Equivalent Information*

Petitioner contends that the TLP Discovery Parties have not responded to Petitioner's repeated requests for information showing the public availability of TLP before May 27, 2004. Mot. 6–7. Patent Owner

6

IPR2023-00924
Patent 7,436,980 B2

contends that Petitioner could obtain other information to show the date of public availability of TLP without a discovery request. Opp. 8.

Considering Garmin Factor 3, Patent Owner has not indicated what other information Petitioner could obtain to show the date of public accessibility of TLP. We agree with Petitioner, that other information does not appear to be available.

*Garmin Factor 4 -- Instructions*

Petitioner contends that the discovery request is limited and would simply request documents such as conference brochures or emails, and testimony sufficient to show the public availability of TLP. Mot. 7. Patent Owner contends that Petitioner has not disclosed its proposed instructions. Opp. 8.

Considering Garmin Factor 4, we agree with Petitioner, that instructions for documents such as brochures and emails related to TLP, and testimony sufficient to show the date of public availability of TLP, are easily understandable.

*Garmin Factor 5 -- Burden*

Petitioner contends that its discovery request is not overly burdensome to answer because it may be satisfied by the production of a small number of documents or a declaration in lieu of testimony. Mot. 7–8. Patent Owner contends that the request broadly seeks information related to any conceivable form of public accessibility. Opp. 9. Patent Owner contends that Petitioner may not seek this information for the first time in reply. *Id*. at 10. Patent Owner contends that seeking discovery from ten or more third parties underscores the burdensome nature of the request. *Id*.

IPR2023-00924
Patent 7,436,980 B2

Considering Garmin Factor 5, Petitioner's request for third party discovery is not overly burdensome to Patent Owner. Further, producing documents such as emails and brochures relating to the date of public accessibility of TLP, and testimony sufficient to show the date of public accessibility, is not overly burdensome to the TLP Discovery Parties.

## Conclusion

We determine that Petitioner's request for third party discovery would be useful and not unduly burdensome, and grant Petitioner's request, specifically concerning "the public availability of TLP before May 27, 2004, the earliest claimed priority date of the '980 Patent." Paper 17, 1.

8

IPR2023-00924
Patent 7,436,980 B2

It is

ORDERED that Patent Owner shall request from the inventors and prior assignees of the '980 patent, pursuant to their agreements under Exhibits 1044 and 1047, information related to the publication date of TLP (Ex. 1009), including documents dated between April 9, 2004 and August 2, 2004, and invention disclosure statements for the '980 patent;

FURTHER ORDERED that Petitioner's Motion Under 37 C.F.R. § 42.52(a) to Apply for Subpoena Under 35 U.S.C. § 24 to Compel Production of Documents and Testimony from the TLP Discovery Parties is granted;

FURTHER ORDERED that the scope of the Subpoena shall be limited to information related to the publication date of TLP; and,

FURTHER ORDERED that Patent Owner is permitted to attend any deposition testimony that occurs under the Subpoena and to cross-examine each witness, but only regarding the subject matter of the direct testimony of the witness.

IPR2023-00924
Patent 7,436,980 B2

For PETITIONER:

W. Todd Baker
Ellisen Shelton Turner
Jonathan D. Brit
KIRKLAND & ELLIS LLP
todd.baker@kirkland.com
ellisen.turner@kirkland.com
jonathan.brit@kirkland.com

Jennifer R. Bush
FENWICK & WEST LLP
jbush@fenwick.com

For PATENT OWNER:

Christine E. Lehman
Michael Matulewicz-Crowley
Philip J. Eklem
Jaime F. Cardenas-Navia
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
clehman@reichmanjorgensen.com
mmatulewicz-crowley@reichmanjorgensen.com
peklem@reichmanjorgensen.com
jcardenas-navia@reichmanjorgensen.com

10