# EXHIBIT C

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

In re Application of

META PLATFORMS, INC.,
INSTAGRAM, INC., WHATSAPP LLC, META PLATFORMS
TECHNOLOGIES, LLC and GIPHY, INC.

*Petitioners*

) Case No.
)
)  **APPLICATION FOR THE ISSUANCE OF**
)  **SUBPOENA AD TESTIFICANDUM AND**
)  **SUBPOENA DUCES TECUM PURSUANT**
)  **TO 35 U.S.C. § 24**
)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Michael J. Black, Max Planck Institute for Intelligent Systems, N3.019,
Max-Planck-Ring 4, 72076 Tübingen Germany

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.  Please provide documents electronically to kjacobs@morrisnichols.com by May 8, 2024.
Contact Karen Jacobs at kjacobs@morrisnichols.com or (302) 351-9200 with questions

| Place: Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899-1347 | Date and Time:<br><br>05/08/2024 12:00 pm |
| --- | --- |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* META PLATFORMS, INC., INSTAGRAM, INC., WHATSAPP LLC, META PLATFORMS TECHNOLOGIES, LLC and GIPHY, INC., , who issues or requests this subpoena, are:

Karen Jacobs, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A—REQUESTS FOR PRODUCTION

### DEFINITIONS

The words and phrases used herein shall have the meanings ascribed to them under the Federal Rules of Civil Procedure. In addition, the following terms shall have the meanings set forth below whenever used in this Schedule A unless the context requires otherwise.

1. "You" and "Your" means the natural person Michael J. Black.

2. "Person(s)" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

3. "Document(s)" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquires, or otherwise) by oral, written, telephonic, electronic, or any other means.

5. "Identify" means to give, to the extent known, the type of document, general subject matter, date of the document, and author(s), addressee(s), and recipient(s).

6. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7. "Date(s)" means the exact day, month, and year, if ascertainable, or, if not, the closest approximation thereto that can be made by means of a relationship to other events, locations, or matters.

8. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

1

9.      The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.     The use of the singular form of any word includes the plural and vice versa. Whenever appropriate, the verb tenses shall be interpreted to include past, present, and future tenses.

11.     "CVPR 2004" means the IEEE Computer Society Conference on Computer Vision and Pattern Recognition held in Washington, D.C. from June 27, 2004 to July 2, 2004.

12.     "TLP" means the 2004 paper titled "Tracking Loose-limbed People," which lists Leonid Sigal, Sidharth Bhatia, Stefan Roth, Michael J. Black, and Michael Isard as authors and included in Volume 1 of the Proceedings of the 2004 IEEE Computer Society Conference on Computer Vision and Pattern Recognition at pages I-421-I-428.  A public copy of TLP is available at:

https://www.cs.ubc.ca/~lsigal/Publications/cvpr2004sigal.pdf;

and also referenced at the IEEE Xplore website at:

https://ieeexplore.ieee.org/abstract/document/1315063;

and at the ResearchGate website at:

https://www.researchgate.net/publication/4082208_Tracking_loose-limbed_people.

**INSTRUCTIONS**

1.      The Requests are intended to cover all Documents and Communications in Your possession, custody, or control.  "Possession, custody, or control," as used in the preceding sentence, includes a Document or Communication in Your actual possession or custody, or the right or practical ability to obtain the Document or Communication or a copy thereof upon demand

2

from one or more of Your affiliates, predecessors or successors in interest, employers, employees, agents, consultants, representatives, independent contractors, advisors, attorneys, relatives, friends, and any other person or public or private entity that has actual physical possession or custody thereof.

2.      Pursuant to Federal Rule of Civil Procedure 45, You shall produce responsive Documents or Communications as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand.  If You have no Documents or Communications responsive to a particular category, You shall so state in writing.

3.      Each Request seeks production of each Document or Communication in its entirety, without abbreviation or redaction, including, without limitation, all attachments, transmittal sheets, notes, cover letters, exhibits, enclosures and all drafts and nonidentical copies of each Document.

4.      When only a portion of a Document or Communication is believed to be privileged, the nonprivileged portion shall be produced with the allegedly privileged portion redacted and indicated as such.  Any attachment to an allegedly privileged Document or Communication shall be produced unless You also content that the attachment is privileged, in which case the information required therein shall be provided separately for each attachment.

5.      In the event that any Document or Communication responsive to the Request was, but is no longer, in Your possession, custody, or control, or has been lost, destroyed, discarded, or otherwise disposed of, You are requested to identify such Document or Communication as completely as possible, including without limitation, the following information: (a) the nature of the Document or Communication, including its subject matter; (b) the person who prepared or authorized the Document or Communication and, if applicable, the person to whom the Document or Communication was sent; (c) the date on which the Document or Communication was prepared

3

or transmitted; and (d) if possible, what has happened to the Document or Communication or where it or any copies of it may be located, or if the Document or Communication was lost or destroyed, the date on which the Document or Communication was lost or destroyed, and if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

6.     You shall take immediate steps to preserve all Documents and Communications responsive to these Requests, including electronic data that may exist on backup and/or other archived electronic computerized data compilations.  These measures must include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such Documents and Communication.

## REQUESTS

**REQUEST NO. 1:**

Documents and Communications (including emails) concerning the publication date or the public availability of TLP.

**REQUEST NO. 2:**

Documents and Communications (including emails) dated before May 27, 2004 concerning or referencing TLP.

**REQUEST NO. 3:**

Documents and Communications (including emails and brochures) concerning TLP's paper submission process to CVPR 2004.

**REQUEST NO. 4:**

Documents and Communications concerning the public sharing, distribution, and/or dissemination of TLP before May 27, 2004, or before or during CVPR 2004.

4

**REQUEST NO. 5:**

Drafts or earlier versions of TLP that were shared, distributed, and/or disseminated before May 27, 2004 or before CVPR 2004.